Filed 12/13/22  P. v. Fermin-Garcia CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARCO ANTONIO FERMIN-GARCIA,<br><br>Defendant and Appellant. | A165374<br><br>(Mendocino County<br>Super. Ct. No. 22CR00502) |

Defendant Marco Antonio Fermin-Garcia appeals from a judgment following a guilty plea.  Defendant's appellate counsel has filed a brief raising no legal issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel informed defendant of his right to file a supplemental brief, and counsel thereafter advised us that defendant intended to file a supplemental brief.  We granted defendant an extension of time to file that brief and have now received notice from counsel enclosing the original letter brief (which is in Spanish), with counsel's representation that he "had it professionally translated," and enclosing the translation.

We have completed our *Wende* review, conclude there are no arguable appellate issues requiring further briefing, and affirm.

1

On the evening of February 27, 2022, Henry Babcock was inside his residence in Ukiah, California, when he heard a knock on the door. Because of prior thefts at his home, Babcock picked up a crowbar and walked out of his house with it. Outside, he saw his garage door move and observed defendant leaving his garage with two tires. Babcock confronted defendant and asked him to put the tires down. Defendant told Babcock to hit him, but Babcock said he did not want to, and then began to retreat. Defendant followed him, removed a pair of bolt cutters from his backpack, and swung at Babcock, who sustained injuries to his hand and abdomen, either from being struck or from falling. The police arrived and arrested defendant.

On March 1, the Mendocino County District Attorney filed a complaint charging defendant with one count of second degree robbery in violation of Penal Code sections 211 and 212.5, subdivision (c). The complaint further alleged that during the commission of the offense defendant personally used a deadly weapon within the meaning of section 12022, subdivision (b)(1), and that he had previously been convicted of two or more felonies within the meaning of section 1203, subdivision (e)(4).

On April 20, three cases involving defendant came on for hearing: the charged robbery felony and two misdemeanors, for petty theft and possession of a controlled substance. Defendant was represented by counsel, Jeff Aaron.

Following the identification of counsel, the hearing began with this colloquy:

"THE COURT: I understand that you are going to resolve your three cases today by pleading guilty or no contest to petty theft and possession of a controlled substance and pleading guilty to a felony charge in Case 502, second-degree robbery.

2

"And the People are dismissing the special allegation in exchange for the pleas?

"MR. MCMENOMEY [for the People]: Yes.

"THE COURT: Are there any promises as to sentence, Mr. McMenomey?

"MR. MCMENOMEY: Only with respect to the misdemeanors, that they will be run concurrent.

"THE COURT: As far as the robbery then, other than the dismissal of the special allegations it's an open plea?

"MR. MCMENOMEY: Correct.

"THE COURT: Mr. Fermin-Garcia, I'm holding up a felony plea form with an explanation and waiver of rights. This form has the initials F.G. in boxes on the right hand side of the form, and on page 6 of 7 there is a signature with today's date.

"Mr. Fermin-Garcia, will you confirm for me that these are your initials and signature on the form I'm holding up?

"THE DEFENDANT: Yes.

"THE COURT: Did you thoroughly review this form with your attorney using the services of our Spanish-language interpreter so you understand the charge, possible defenses, and maximum consequences?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand that by pleading guilty or no contest to robbery, the maximum sentence the Court could impose is five years in the California Department of Corrections?

"THE DEFENDANT: Yes.

"THE COURT: Do you also understand that by pleading to that robbery charge it would be considered a strike for sentencing purposes?

"THE DEFENDANT:  Yes.

"THE COURT:  Do you have any questions for your attorney or the Court before I take your pleas in these matters then, sir?

"THE DEFENDANT:  No."

The court then inquired of defendant as to his understanding about credits and possible deportation status, as to both of which defendant answered he understood.

And the hearing concluded with the following:

"THE COURT:  With all of those admonitions in place and with your rights in mind and after discussing this matter with your attorney, what is your plea to the violation of Penal Code section 211, second-degree robbery as alleged in case ending 502?

"THE DEFENDANT:  No contest.

"THE COURT:  And to the charge of petty theft from a merchant on January 21st of this year as alleged in Count 1 in case ending 497, what it your plea?

"THE DEFENDANT:  No contest.

"THE COURT:  And then finally, to the charge of possession of a controlled substance on February 11th of this year as alleged in Count 1 in case ending 501, what is your plea?

"THE DEFENDANT:  No contest.

"THE COURT:  Mr. Aaron, do you join in Mr. Fermin-Garcia's waiver of rights and his entries of plea?

"MR. AARON [for defendant]:  Yes, Your Honor.

"THE COURT:  As to the misdemeanors, do you stipulate that there's a factual basis for those pleas?

"MR. AARON:  Yes, Your Honor.

4

"THE COURT: Mr. McMenomey, for the felony plea?

"MR. MCMENOMEY: On February 27th of this year, in the county of Mendocino, by means of force or fear the defendant took personal property from the victim, to wit, some tires.

"THE COURT: Mr. Aaron, do you want to add or subtract anything from that statement of fact?

"MR. AARON: No, Your Honor.

"THE COURT: I'll sign the order finding, Mr. Fermin-Garcia, that you are making a knowing and intelligent waiver of rights, that you understand the charges, possible defenses, and maximum consequences, and that there is a factual basis for each of your please in each of these three cases. I'll find you guilty of those three charges."

On May 18, the court sentenced defendant to the middle term of three years in prison.

On May 24, defendant filed a notice of appeal. He did not request a certificate of probable cause.

As noted, defendant's counsel provided us with defendant's supplemental letter brief, which provides in its entirety as follows:

"Hello Attorney, I received your letter dated November 14. I am writing this letter to the court to let them know first of all it was not fair for me to have court on video calls. I could not listen to anything the judge told me and secondly, I felt it was unjust that they did not give me probation by denying probation. In the investigation report it did not show that I had hit the person they say I hit because I never hit him then they give me 3 years at 85% that supposedly my case was violent. In the video call from the court they did not let me speak and did not let me give my own testimony. I feel the time and the strike are unjust. I also do not agree that my lawyer asked

5

for 2 years and the Judge gave me 3 years because of my bad record.  I would like them to review my case again if possible.

"That's all, thanks for your time."

Defendant's no contest plea and failure to obtain a certificate of probable cause limit the potential scope of his appeal to "grounds that do not affect the validity of the plea or admission" or "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5."  (Cal. Rules of Court, rule 8.304(b)(2); see Pen. Code, § 1237.5.)

As set forth above, our review of the record reveals no arguable issues, let alone issues cognizable without a certificate of probable cause:  defendant was represented by counsel; defendant was properly advised before the plea; defendant acknowledged and waived his rights; defendant personally entered the plea; and there was a factual basis for it.

The judgment is affirmed.

 

 

_____
Richman, J.

We concur:


_____
Stewart, P.J.


_____
Van Aken, J. *

_People v. Fermin-Garcia_ (A165374)

     *Judge of the San Francisco Superior Court, Judge Christine Van Aken, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.